IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE CRIBBS RINGER, *on behalf of herself and on behalf of her minor child, E.R.,* et al., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL NO. 5:25-cv-01181-OLG |
| COMAL INDEPENDENT SCHOOL DISTRICT; et al., | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' MOTION TO STAY**

Defendants, Fort Worth Independent School District, Northwest Independent School District, Lovejoy Independent School District, McKinney Independent School District, Frisco Independent School District, Georgetown Independent School District, Rockwall Independent School District, Flour Bluff Independent School District, Azle Independent School District, and Comal Independent School District ("Defendants"), respectfully move the Court to stay this action until a time after the Fifth Circuit has issued its decision *en banc* in No. 24-30706, *Roake v. Brumley,* on appeal from the United States District Court for the Middle District of Louisiana. In support thereof, the Defendants state as follows:

This case involves the question of whether merely displaying the Ten Commandments in public elementary and secondary school classrooms violates the Establishment Clause or Free Exercise Clause of the First Amendment the United States Constitution. *See* S.B. 10, 89th Reg. Session (2025) (SB 10). More specifically, SB 10 requires public schools within the State of Texas

to display the Ten Commandments as long as the display meets certain statutory requirements and contains the specific Ten Commandments previously approved by the Supreme Court where it held the Ten Commandments had an undeniable historical meaning and were an official acknowledgement by all three branches of government of religion's role in American life. *See Van Orden v. Perry,* 545 U.S. 677, 688-90 (2005).

Other states, including but not limited to Louisiana, have passed very similar legislation requiring the display of the Ten Commandments in school classrooms. A group of plaintiffs challenged Louisiana House Bill 71, Act 676, which required the posting of the Ten Commandments in Louisiana school classrooms, and the district court determined Louisiana's law likely violated the Equal Protection and Free Exercise Clause and issued a preliminary injunction prohibiting Louisiana officials from adopting rules or regulations requiring the Ten Commandments be posted in school. *See Roake v. Brumley,* 756 F.Supp.3d 93, 118 (M.D. La. Nov. 12, 2024). Defendants timely appealed the court's decision, and the Fifth Circuit affirmed. *See Roake v. Brumley,* 141 F.4th 614 (5th Cir. 2025). However, on October 6, 2025, the Fifth Circuit granted Defendants' Petition for Rehearing En Banc and vacated its prior decision with a note indicating a briefing schedule was to be forthcoming. *See* Order on Petition for Rehearing En Banc, *Roake v. Brumley,* Case No. 24-30706, (5th Cir. Oct. 6, 2025).

This Court previously considered a challenge to Texas' SB 10 in *Nathan v. Alamo Heights I.S.D.,* wherein Judge Biery, relying upon the now vacated opinion in *Roake*, issued a preliminary injunction prohibiting the named school districts from displaying the Ten Commandments as contemplated in SB 10. *See Nathan v. Alamo Heights I.S.D.,* 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025). Defendants timely appealed and requested initial *en banc* review along with *Roake*

pursuant to Rule of Appellate Procedure 40(g). As of the filing of this Motion, Defendants' request for initial *en banc* review remains pending.[1]

Pursuant to the Court's current Order in this case, Defendants are required to file a response to Plaintiffs' request for injunctive relief on October 20, 2025; Plaintiffs are required to file any response on October 27, 2025; and the matter is set for an evidentiary hearing on November 5, 2025 at 10:00 a.m. Given the current uncertainty and anticipated en banc decision of the Fifth Circuit, Defendants request a stay of the case.

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *See Landis v. North American Co.,* 299 U.S. 248, 354-55 (1936). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Trahan v. BP,* CIV.A.-H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010). Further, staying a case is particularly applicable when the Fifth Circuit is addressing a controlling issue of law *en banc*. *See Boyd v. American Heritage Ins. Co.,* 282 F.Supp.2d 502, 503-04 (S.D. Miss. 2003). Here, the interests of judicial efficiency weigh overwhelmingly in favor of a stay.

At this time, the extent to which a decision of the Fifth Circuit involving the exact same issues and arguments of counsel will impact this case is unknown. Since *Roake* can no longer be

---

[1] The plaintiffs in *Roake, Nathan,* and this case are all represented by the same counsel and are fully aware of all issues and motions currently pending in the Fifth Circuit.

*Defendants' Motion to Stay*  3

considered and the *Lemon* test has already been repudiated, the current state of the law remains very difficult to ascertain unless and until the Fifth Circuit decides *Roake*. *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534-36 (2022). Respectfully, neither the parties, nor this Court, benefit from a full briefing schedule and evidentiary hearing on issues that may be materially affected by the *Roake* decision, and about which further briefing might later be required. "[I]t has been a longstanding practice for courts to stay proceedings when there are two related cases pending in different federal courts."[2] *Zurich Am. Ins. Co. v. Carter & Carter Constr., LLC,* No. 4:22-CV-00196, 2022 WL 17330463, at *4 (E.D. Tex. Nov. 29, 2022). As "there is an inherent power when presented with an appropriate motion to stay the proceedings before it in deference to the related action," Defendants respectfully request that the Court enter an order staying this case pending the decision in *Roake* and for other such relief as justice may require. *Wolf Designs, Inc. v. Donald McEvoy Ltd.,* 341 F.Supp.2d 639, 642 (N.D. Tex. 2004).

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

---

[2] *See* Plaintiffs' Notice of Related Case, Dkt. 7.

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Assistant Attorney General
Texas Bar No. 00796531
biff.farrell@oag.texas.gov
(512) 979-5561 | FAX: (512) 320-0667

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 463-2120
Fax: (512) 320-0667

**COUNSEL FOR DEFENDANTS,**
**Fort Worth Independent School District, Northwest Independent School District, Lovejoy Independent School District, McKinney Independent School District, Frisco Independent School District, Georgetown Independent School District, Rockwall Independent School District, Flour Bluff Independent School District, Azle Independent School District and Comal Independent School District**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Plaintiff's counsel, Jonathan Youngwood, on October 7, 2025 via Zoom regarding the relief requested by Defendants herein, and Mr. Youngwood indicated that Plaintiffs were opposed to any requested stay.

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Assistant Attorney General

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the court's CM/ECF electronic-filing system on this October 8, 2025, to all counsel of record.

                                            /s/ William H. Farrell
                                            **WILLIAM H. FARRELL**
                                            Assistant Attorney General