UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROXANNE CRIBBS RINGER, on behalf of herself and on behalf of her minor child, E.R. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COMAL INDEPENDENT SCHOOL DISTRICT *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-1181 |

## ORDER

Pending before the Court is the Joint Motion To Dismiss Claims Against Defendant Arlington Independent School District Without Prejudice (the "Motion") (Dkt. No. 48). Upon consideration, the Motion (Dkt. No. 48) is **GRANTED**.

Texas Senate Bill No. 10 requires that Texas "public elementary or secondary school[s] . . . accept any offer of a privately donated poster or framed copy of the Ten Commandments" and that the schools "shall display [those materials] in a conspicuous place in each classroom." Tex. Educ. Code § 1.0041(a), (d) ("S.B. 10"). In compliance with S.B. 10, Arlington Independent School District ("Arlington ISD" or the "District") acknowledges that it has received (and will continue to accept) privately donated copies of the Ten Commandments. The District recognizes, however, that the Supreme Court held a substantively similar law to be unconstitutional in *Stone v. Graham*, 449 U.S. 39 (1980), and that a federal court in the Western District of Texas recently followed *Stone* and related precedents in holding that S.B. 10's public-display requirement similarly conflicts with federal law and violates the First Amendment. *See Nathan v. Alamo Heights Indep. Sch. Dist.*, No. 25-cv-756, 2025 WL 2417589 (W.D. Tex. Aug. 20, 2025).

Arlington ISD believes that the federal courts ultimately must resolve the conflict between federal and state law posed by S.B.10. It accordingly does not wish to actively participate as a litigant in this proceeding and has agreed to adhere to *Stone* pending the final adjudication of this case or other intervening controlling authority. The District agrees to follow any rulings entered by this Court in this case regarding the constitutionality of S.B. 10, including any injunction that this Court may enter that prohibits S.B. 10 from being applied and enforced in any school district.

**IT IS THEREFORE ORDERED** that Plaintiffs' claims against Defendant Arlington ISD are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Arlington ISD shall be subject to and bound by any order or injunction issued by this Court or any appellate or other court enjoining the implementation of S.B. 10, as if Arlington ISD was still a defendant in this matter.

**IT IS FURTHER ORDERED** that the schools in Arlington ISD shall not post the Ten Commandments as specified in S.B. 10 while this litigation is pending in any form (be it before this Court, the Fifth Circuit, or the Supreme Court) and until it is finally adjudicated.

**IT IS FURTHER ORDERED** that Arlington ISD will take all necessary actions to ensure that each school within the District abides by this Order, including the immediate removal of any S.B. 10 displays already present in any schools within the District, and any final result in this case concerning the constitutionality of S.B. 10.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce this Order, including by orders of contempt or otherwise.

SIGNED this \_\_\_24\_\_\_ day of October, 2025.

                                                JUDGE ORLANDO L. GARCIA
                                                UNITED STATES DISTRICT JUDGE